STATE OF WEST VIRGINIA

**RODGER L. SCARBERRY,**
**Claimant Below, Petitioner**

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0057** (BOR Appeal No. 2050700)
(Claim No. 2014026081)

**SECURITAS SECURITY SERVICES USA, INC.,**
**Employer, Respondent**

### MEMORANDUM DECISION

Petitioner Rodger L. Scarberry, by Ralph J. Hagy and James D. McQueen Jr., his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Securitas Security Services USA, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2015, in which the Board affirmed a June 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 8, 2014, decision holding the claim compensable for a fracture of the left tenth rib. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scarberry injured himself when he slipped on ice and fell while performing his duties as a security guard. The fall occurred on March 3, 2014, at around 1 a.m. Mr. Scarberry finished out his shift, went home, and went to bed. When he woke up, Mr. Scarberry was in severe pain, and his wife took him to MedExpress. X-rays revealed a fracture of the left tenth posterior rib. He was released with permission to return to work on March 14, 2014, with modified duty.

1

In a hearing before the Office of Judges, Mrs. Scarberry testified that over the next few days after the fall, Mr. Scarberry's pain worsened. On March 7, 2014, she found him lying on the floor, unresponsive. Mr. Scarberry's grandson, Donald Drake, called 911. A 911 transcript showed that Mr. Drake indicated Mr. Scarberry had fallen out of bed and landed on the side of his injured rib. Upon arriving at the scene, emergency responders found him unresponsive. It was noted that Mr. Scarberry last had his prescription pain medication filled on February 24, 2014, at 150 tablets in the bottle and approximately half were missing.

Mr. Scarberry was admitted to the intensive care unit and intubated. He was diagnosed with sepsis with altered mental status, acute renal failure, respiratory failure, bacterial pneumonia, and hyperkalemia. An x-ray taken a week later showed that Mr. Scarberry suffered fractures of the sixth and seventh left posterior ribs along with a hemothorax. He remained in the hospital through April 9, 2014.

The claims administrator held the claim compensable for a fracture of the left tenth rib. The Office of Judges affirmed the decision on June 22, 2015. The Office of Judges found that a preponderance of the evidence indicated that Mr. Scarberry suffered a left tenth rib fracture when he was injured at work on March 3, 2014. He then had an intervening fall on March 7, 2014, which caused him to develop pneumonia, requiring admission to the intensive care unit. Both Mrs. Scarberry and Mr. Drake noted that Mr. Scarberry had fallen, as did the records from the hospital. The x-rays taken the day after the work-related injury do not show anything more than a fracture of the left tenth rib. The Office of Judges found that the intervening fall led to injuries that were not causally connected to the work-related injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges on November 24, 2015. The Board of Review also denied Mr. Scarberry's Motion to Remand. On appeal, Mr. Scarberry's only argument is that the Board of Review erred in not setting out its own findings of fact and conclusions of law regarding the Motion to Remand. He asks that the case be remanded and new evidence not previously before the Office of Judges be considered.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record shows that after Mr. Scarberry fell at work he sustained a fracture of the left tenth rib. Several days later, Mr. Scarberry fell and sustained more injuries, which caused him to develop pneumonia and required hospitalization. The record clearly indicates that the x-rays taken before the intervening fall show only the fracture of the left tenth rib. All other injuries were sustained after the second fall at home. The second fall was not causally connected to the work-related injury. We conclude that the Board of Review did not abuse its discretion in denying Ms. Scarberry's Motion to Remand. The Board of Review adopted the facts and conclusions of the Office of Judges in its entirety. The findings of fact and conclusions of law are based on reliable evidence in the record. The Order of the Board of Review was sufficient and was not clearly wrong.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II